IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-2674-D |
| VS. | § | |
| | § | |
| CHRISANDRA NELSON AND ALL OCCUPANTS, | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff's motion to remand this removed case to county court is granted because the case was removed based on diversity of citizenship, the removing defendant is a Texas citizen, and the removing defendant does not assert that she was not properly joined or served. The court also finds that the defendant lacked an objectively reasonable basis for seeking removal, grants plaintiff's motion for attorney's fees under 28 U.S.C. § 1447(c), and awards plaintiff the sum of $2,000 in attorney's fees.

I

This is another example of the relatively recent phenomenon in which a *pro se* defendant has removed a real estate foreclosure-related case based on diversity of citizenship, but at least one defendant is a Texas citizen. In this case, defendant Chrisandra Nelson ("Nelson") removed the case from county court. After this court issued an order directing her to demonstrate why the case was removable, plaintiff U.S. Bank, N.A. ("U.S. Bank") filed a November 10, 2011 motion to remand. On the same day the motion was filed, the

court advised the parties by order that it would decide the question of removability in the context of U.S. Bank's remand motion rather than under the procedure established by the court's show cause order. The court advised Nelson that she must file a timely response to U.S. Bank's motion to remand. Because the time for her to respond has expired and she has not responded, the remand motion is ripe for decision.

II

A case cannot be removed to federal court based on diversity of citizenship when a properly joined and served in-state citizen is a defendant. 28 U.S.C. § 1441(b).[1] In other words, even though there is complete diversity of citizenship, the removal statute does not permit removal when, for example, the federal court sits in Texas and there is a properly-joined and served *Texas* citizen defendant. Nelson's notice of removal admits that she is a Texas citizen and that she has been served. Notice of Removal 1-2. She does not allege that she was improperly joined. U.S. Bank's motion to remand is therefore granted.

---

[1] 28 U.S.C. § 1441(b):

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.

*Id.* (emphasis added).

III

U.S. Bank also moves for an award of attorney's fees under 28 U.S.C. § 1447(c).[2] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  Furthermore,

> [t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin*, 546 U.S. at 140.

The court holds that U.S. Bank is entitled to an award of attorney's fees because Nelson lacked an objectively reasonable basis for seeking removal. The statute that permits removal based on diversity of citizenship clearly provides that such an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Nelson is herself a Texas citizen, and she does not assert that she was not properly joined or served.

U.S. Bank has submitted uncontested evidence establishing that it is entitled to

---

[2] 28 U.S.C. § 1447(c): "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

recover the sum of $2,000 as reasonable attorney's fees. The court therefore awards this sum under 28 U.S.C. § 1447(c).

* * *

Accordingly, U.S. Bank's motion to remand is granted, and this case is remanded to County Court at Law No. 2 of Dallas County, Texas. U.S. Bank is awarded the sum of $2,000 as reasonable attorney's fees, which Nelson must pay within 30 days of the date this memorandum opinion and order is filed. The clerk shall effect the remand according to the usual procedure.

**SO ORDERED.**

December 6, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE